IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAMIL TORRES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-CV-4161 |
| | : | |
| LOUIS FOLINO, ET AL. | : | |

**MEMORANDUM & ORDER**

**SURRICK, J.**                                                                                      **NOVEMBER 30, 2005**

Presently before the Court is Yamil Torres's pro se Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 and Memorandum in support thereof (Doc. No. 1), Magistrate Judge Diane M. Welsh's Report And Recommendation recommending denial of the Petition (Doc. No. 7), Petitioner's Objections to the Report (Doc. No. 11), and Petitioner's Motion For Evidentiary Hearing And Memorandum Of Law And Fact In Support (Doc. No. 14). For the following reasons, we will overrule Petitioner's objections, approve and adopt the Report and Recommendation, deny the Motion, and dismiss the Petition.

**I.     BACKGROUND**

On May 10, 1994, following a bench trial in the Court of Common Pleas of Philadelphia County, Petitioner was convicted of first-degree murder, third-degree murder, possession of an instrument of crime, and violation of the Uniform Firearms Act. (Mem. in Support of Pet., Doc. No. 1 ¶¶ 1-6; Resp. to Hab. Pet., Doc. No. 6 ¶ 5.) Petitioner was sentenced to life in prison on the first-degree murder conviction, plus a consecutive term of ten to twenty years in prison on the conviction for third-degree murder. (Mem., Doc. No. 1 ¶ 6; Doc. No. 6 ¶ 5.) Petitioner filed a direct appeal in the Superior Court of Pennsylvania. On June 20, 1995, the Superior Court affirmed the judgment of sentence. *See Commonwealth v. Torres*, 665 A.2d 1303 (Pa. Super.

1995) (table).  No petition for allowance of appeal was filed in the Supreme Court of Pennsylvania.  (Mem., Doc. No. 1 ¶ 9; Doc. No. 6 ¶ 7.)  Petitioner subsequently filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA),[1] 42 Pa. C.S. §§ 9541-45.  (Mem., Doc. No. 1 ¶ 8; Doc. No. 6 ¶ 8.)  The PCRA court appointed counsel for Petitioner, and thereafter counsel filed a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).  (Mem., Doc. No. 1 ¶ 9; Doc. No. 6 ¶ 8.)  On October 31, 2001, the PCRA court dismissed the petition as untimely.  (Mem., Doc. No. 1 ¶ 13; Doc. No. 6 ¶ 8.)  Petitioner then filed a pro se notice of appeal to the Superior Court of Pennsylvania (Mem., Doc. No. 1 ¶ 14), and on December 26, 2003, the Superior Court affirmed the dismissal of the PCRA petition as untimely.  *Commonwealth v. Torres*, 844 A.2d 1290 (Pa. Super. 2003) (table).  The Supreme Court of Pennsylvania denied Petitioner's request for allowance of appeal on June 2, 2004.  *Commonwealth v. Torres*, 852 A.2d 312 (Pa. 2004) (table).

On September 2, 2004, Petitioner filed the instant habeas Petition pursuant to 28 U.S.C. § 2254.  On October 28, 2004, Magistrate Judge Welsh filed a Report and Recommendation, recommending that the Petition be denied as untimely pursuant to the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  (Report, Doc. No. 7 at 3-5.)  Judge Welsh

---

[1] Respondent contends that Petitioner filed his PCRA petition on November 9, 2000.  (Doc. No. 6 ¶ 8).  Petitioner appears to invoke the Pennsylvania "mailbox rule" and contends that his PCRA petition should be deemed to have been filed on October 3, 2000, the date on which he alleges he placed his pro se PCRA petition in the prison mailbox.  (Mem., Doc. No. 1 ¶ 8; Report, Doc. No. 7 at 2.)  This dispute is of no consequence because the instant habeas Petition is untimely filed regardless of whether the PCRA petition was filed on the earlier date.  *See, e.g., Douglas v. Horn*, 359 F.3d 257, 261 n.6 (3d Cir. 2004) (declining to address the issue of whether the Pennsylvania mailbox rule applied to petitioner's PCRA petition "because under our conclusions, [the § 2254 petition] is untimely regardless of whether he is credited" with the earlier date of filing).

concluded that the Petition was untimely on its face, and that the statute of limitations should not be subject to equitable tolling. (*Id.* at 5-12.) Petitioner has filed objections to the Report and Recommendation, arguing that even though the PCRA petition was untimely on its face, the statute of limitations should be subject to equitable tolling.[2] (Doc. No. 11.)

## II. STANDARD OF REVIEW

We review de novo those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been made. 28 U.S.C. § 636(b) (2005); Fed. R. Civ. P. 72(b); *see also Thomas v. Arn*, 474 U.S. 140, 141-42 (1985) ("[A] United States district judge may refer . . . petitions for writ of habeas corpus[] to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. . . . [A]ny party that disagrees with the magistrate's recommendations 'may serve and file written objections' to the magistrate's report, and thus obtain *de novo* review by the district judge." (citations and footnotes omitted)).

## III. DISCUSSION

Under AEDPA, a prisoner has one year from the date of the final disposition of his case in state court to file a habeas petition. 28 U.S.C. § 2244(d)(1) (2000); *see also Long v. Wilson*, 393 F.3d 390, 393 (3d Cir. 2004). The relevant portion of the statute provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[2] Petitioner has also filed a Motion for an evidentiary hearing. (Doc. No. 14.) For the reasons discussed hereinafter we conclude that the instant Petition is clearly time-barred and an evidentiary hearing would not change that result.

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petitioner may rely on two tolling exceptions in arguing that AEDPA's one-year period of limitation should be tolled: (1) statutory tolling under 28 U.S.C. § 2244(d)(2) while a properly filed application for post-conviction review is pending in state court; and (2) equitable tolling. *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004) (citing *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003)). Petitioner concedes that his PCRA petition was not timely filed, and thus the limitation period is not tolled under § 2244(d)(2). (Doc. No. 11 at 1; Doc. No. 14 at 2); *see Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1812 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (internal quotations omitted)); *see also Merritt*, 326 F.3d at 163-65 (an untimely PCRA petition does not toll the statute of limitations under § 2244(d)(2) because an untimely state post-conviction petition is not "properly filed" for purposes of tolling). Petitioner maintains, however, that the equitable tolling exception should apply because he claims that he is innocent of the crimes for which he was convicted. (Doc. No. 11 at 3.)

As stated above, AEDPA's statute of limitations may be subject to equitable tolling. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (citing *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998)).  However, equitable tolling is available "'only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.'" *Id.* at 275-76 (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).  Accordingly, "courts should be sparing in their use of this doctrine." *Id.* at 275.  Generally, a petitioner seeking to rely on equitable tolling bears the burden of showing that:  (1) he pursued his rights diligently; and (2) some extraordinary circumstance "stood in his way." *Pace*, 125 S. Ct. at 1814.  A petitioner may not satisfy this burden by showing "mere excusable neglect." *LaCava*, 398 F.3d at 276 (citing *Miller*, 145 F.3d at 618-19).

As previously noted, Petitioner does not dispute that he did not timely file his PCRA petition.  (Doc. No. 11 at 1; Doc. No. 14 at 2.)  A PCRA petition must be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that an exception should apply.  42 Pa. Cons. Stat. § 9545(b)(1).  A judgment becomes final at the "conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa. Cons. Stat. § 9545(b)(3).  The Superior Court of Pennsylvania affirmed Petitioner's sentence on June 20, 1995.  Therefore, the judgment of sentence became final on or about July 20, 1995, when the time period allowed for an appeal to the Supreme Court of Pennsylvania expired.  Pa. R. App. P. 1113(a).  Petitioner did not file his PCRA petition until October or November of 2000, more than five years after the expiration of PCRA's period of limitation.  The Pennsylvania courts determined that Petitioner's PCRA petition was time-

barred.  The obligation of a petitioner to pursue his rights diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting his state court remedies as well."  *LaCava*, 398 F.3d at 277.  Because Petitioner did not pursue his state court remedies in a diligent manner, he has not satisfied one of the requirements for equitable tolling.

Further, none of the arguments offered by Petitioner constitute the kind of "extraordinary circumstances" that would justify equitable tolling.  *See Schlueter*, 384 F.3d at 76 (equitable tolling generally occurs "when the petitioner has in some extraordinary way been prevented from asserting his or her rights").  Petitioner argues in his Objections to the Magistrate Judge's Report that this Court should permit a claim of actual innocence to trigger equitable tolling.  (Doc. No. 11.)  The Third Circuit has not yet decided whether a showing of actual innocence is grounds for equitable tolling.  *Knecht v. Shannon*, 132 F. App'x 407, 409 n.2 (3d Cir. 2005).  However, assuming *arguendo* that such a showing is grounds for equitable tolling, "[a] petitioner who is asserting 'his actual innocence of the underlying crime . . . must show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition.'"  *Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004) (quoting *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).  Thus, a petitioner "must support his allegations of constitutional error with 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"  *Id.* at 339-40 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  Petitioner contends that a police officer described a conversation with a hospital nurse in his police report, and that the nurse told the officer that one of the victims of Petitioner's shooting was wearing an empty gun

holster. (Mem., Doc. No. 1 ¶¶ 24-25, 76-77.) Petitioner argues that such evidence bolsters his claim of self-defense because it is evidence that the gun in question belonged to the victim. (*Id.* at ¶¶ 28-35.) Initially, we observe that such evidence is not new. Petitioner states in his habeas Petition that he first became aware of the police officer's report at trial when "the court prevented counsel from eliciting hearsay testimony from Officer Friel regarding what the nurse told him about the empty gun holster." Obviously, Petitioner has known this information since 1994. (*Id.* at ¶ 26.) Moreover, even if the nurse had made such statements to the police officer, the presence of an empty holster on a victim does not demonstrate that Petitioner is actually innocent of the crimes for which he was convicted. We are compelled to conclude that Petitioner has not met the heavy burden of showing that it is more likely than not that no reasonable juror would have convicted him in light of this "new evidence."

## IV.   CONCLUSION

For these reasons and for the reasons discussed in the Report and Recommendation prepared by Magistrate Judge Welsh, Petitioner's Objections to the Report and Recommendation will be overruled.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAMIL TORRES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-CV-4161 |
| | : | |
| LOUIS FOLINO, ET AL. | : | |

**ORDER**

AND NOW, this 30th day of November, 2005, upon consideration of The Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Yamil Torres (Doc. No. 1, Civ. No. 04-CV-4161), Magistrate Judge Diane M. Welsh's Report and Recommendation recommending denial of the Petition (Doc. No. 7), Petitioner's objections to the Report and Recommendation (Doc. No. 11), and Petitioner's Motion For Evidentiary Hearing And Memorandum Of Law And Fact In Support (Doc. No. 14) it is ORDERED as follows:

1. Petitioner's Objections To United States Magistrate Judge's Report and Recommendation are OVERRULED.

2. The Report and Recommendation is APPROVED and ADOPTED.

3. The Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Yamil Torres is DISMISSED.

4. Petitioner's Motion For Evidentiary Hearing is DENIED.

5. There is no basis for a Certificate of Appealability.

IT IS SO ORDERED.

BY THE COURT:

S:/R. Barclay Surrick, Judge